## Commonwealth v. Hanger.

(Decided October 3, 1924.)

### Appeal from Madison Circuit Court.

1. Taxation—In Proceeding for Assessment of Land, Court Need Not Assess Maximum Value Testified to.—In proceeding for assessment of land, court is not required to assess farms at maximum value testified to by witnesses.

2. Taxation—Court May Consider Assessments of Other Land in Valuing Farms for Taxation.—Court could assess land for taxation in an amount less than testified by witness as to value of land, where there was other uncontradicted evidence that other lands in county of similar character, quality, and location, were assessed as low or lower.

CHAS. I. DAWSON, Attorney General, MARTIN T. KELLY, Assistant Attorney General, and J. P. CHENAULT for appellant.

BURNAM & GREENLEAF for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Affirming.

This is an appeal from a judgment rendered in the Madison circuit court, which fixed the assessable value of three farms owned by appellee at $114,528.50. The assessment at $76,288.00 of the 381-acre tract is not contested.

The evidence of witnesses testifying with reference thereto fixes the fair cash value of the 331-acre tract at from $120.00 to $130.00 an acre, and of the 101-acre tract at from $70.00 to $110.00 an acre. The judgment fixes the assessable value of these two tracts at $100.00 and $50.00 per acre, respectively.

It is urged for the Commonwealth, that upon this evidence it was error for the court to assess the farms at less than the minimum fair cash value fixed by any witness, and that the maximum should have been accepted.

We can think of no reason to offer in support of the latter contention, and as none is suggested by counsel for the appellant, that contention is overruled.

The contention, however, that the court was without power to assess the property at less than the minimum fixed by the evidence would be sound and tenable if it were not for the fact that the evidence also proves without contradiction that at the values fixed by the court these two tracts of land are assessed certainly as high—and prob-

ably considerably higher—as other lands in Madison county of similar character, quality and location.

It is therefore apparent that while these two tracts of land are worth more than the values fixed by the circuit court when estimated according to their fair cash value, it is nevertheless true that the values as fixed by the court but accords to this taxpayer, approximately at least and as best the court could do, that uniformity of taxation guaranteed to him by the Constitution, and as was held to be proper in Eminence Distillery Company v. Henry County Board of Supervisors, 178 Ky. 811, 200 S. W. 347, and several more recent cases.

Judgment affirmed.